# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MICHAEL A. SMALDORE,**

        **Plaintiff,**

**v.**                                   **Case No:   6:14-cv-1713-Orl-22DAB**

**DARRIN FOURNIE and DENNIS RUSSO,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **October 21, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and Plaintiff's Complaint be DISMISSED for lack of jurisdiction.**

      Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).  A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992). To determine if a plaintiff

should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter,  accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the  court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant  has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).   While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading

is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555. The Court may also dismiss the case or refuse to permit a pro se applicant to continue without payment of fees "if the court determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2).

Plaintiff filed his Complaint (Doc. 1), asserting a purported "Criminal Complaint" citing a federal criminal statute: 18 U.S.C. § 1513 – Retaliating against a witness, victim, or an informant. Doc. 1.   As a private citizen, Plaintiff has no standing to bring a criminal charge against individuals; only the United States attorney is empowered to do so.

Plaintiff attaches a "Call for Probable Cause – Open Court" that refers to a prior state case which was apparently dismissed in December 2011.   It is not clear if an appeal is pending in the case or what the status is.   Regardless, the United States District Court "has no authority to review final judgments of a state court in judicial proceedings.   Review of such judgments may be had only in [the United States Supreme Court]."   *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923).   Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment."   *See Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (quoting *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988) ("[a federal district court] may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment").

It is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed In Forma Pauperis be denied because he fails to state a claim upon which relief may be granted.   It is further **RECOMMENDED** that this action be dismissed for failure to state a claim for relief.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 24, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy